IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HECTOR SOL, doing business as VIVE SOL and doing business as PALO ALTO SOL,<br><br>          Plaintiff(s),<br>   v.<br>PIVOTAL PAYMENTS, INC.,<br><br>          Defendant(s).<br>_____/ | CASE NO. 5:11-cv-06430 EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Docket Item No. 10] |

## I. INTRODUCTION

Plaintiff Hector Sol ("Plaintiff") owns two restaurants, Vive Sol and Palo Alto Sol, located in Mountain View and Palo Alto respectively. In the underlying Complaint filed originally in Santa Clara County Superior Court, Plaintiff alleges that Defendant Pivotal Payments, Inc. ("Defendant") wrongfully seized $19,234.78 from his restaurant's bank account. See Not. of Removal, Docket Item No. 1, Ex. A., at ¶ 8.[1] He seeks general damages, special damages, punitive damages, a permanent injunction, and attorneys fees and costs based on claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, and violation of California Business and Professions Code § 17200. See id.

Defendant removed the action to this court on December 20, 2012. See id. In response,

---

[1] The court repeats certain factual allegations from the Complaint solely for the purpose of context.

1
CASE NO. 5:11-cv-06430 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1  Plaintiff filed the Motion to Remand presently before the court. See Docket Item No. 10. Having
2  reviewed the moving, opposing and reply papers, the court has determined this matter is appropriate
3  for decision without oral argument pursuant to Local Civil Rule 7-1(b). Accordingly, the hearing
4  scheduled for March 16, 2012, will be vacated.

5  Although Plaintiff makes a multi-faceted attack on the removal, the court addresses only one
6  since its resolution is dispositive. Plaintiff's motion will therefore be granted for the reasons
7  described below.

## II.  LEGAL STANDARD

### A.  Removal Jurisdiction Generally

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states. 28 U.S.C. §§ 1441(a), (b).

When, as here, the Notice of Removal relies on diversity as a basis for federal jurisdiction, the "amount in controversy" must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). If it appears at any time before final judgment that this requirement cannot be met, the case must be remanded. See 28 U.S.C. § 1447(c).

### B.  Motion to Remand

The party seeking removal must bear the burden to establish the basis for federal jurisdiction, even on a motion to remand. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). If a plaintiff's state court complaint does not specify the exact amount of damages sought,

the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). This requires a defendant must to prove it is "more likely than not" that the amount in controversy exceeds $75,000. See id. Satisfying this burden can sometimes be challenging since removal statutes are strictly construed against removal. Emrich, 846 F.2d at 1195. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In order to determine whether the defendant has made a sufficient showing, the court first considers whether it is "facially apparent" from the complaint that the requisite amount in controversy exists. See Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). Where the amount of damages are not specified, the court may look to facts in the complaint, and may require the parties to submit "summary-judgment-type evidence" relevant to the jurisdictional question. See id. Amount in controversy is determined as of the date of removal, and may include claims for general and special damages, any available attorneys fees, injunctive relief and punitive damages if recoverable as a matter of law. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); see also In re Ford Motor Co., 264 F.3d 962, 958 (9th Cir. 2001); see also Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.")

A speculative argument as to the amount in controversy is insufficient. See Gaus, 980 F.2d at 567; see also Valdez, 372 F.3d at 1117.

### III.   DISCUSSION

#### A.   Amount in Controversy

Turning to the instant case, it is not "facially apparent" from the Complaint that the amount in controversy requirement is satisfied. In his prayer for relief, Plaintiff requests only general, special and punitive damages "according to proof," as well as a permanent injunction and reasonable attorneys fees and costs. Only one sum-certain is identified in the Complaint: Plaintiff alleges

1  Defendant wrongfully withdrew $19,234.78 from a bank account.  This amount is obviously far
2  below what it necessary to support diversity jurisdiction.  Thus, it was up to Defendant to produce
3  sufficient evidence showing that the aggregate amount of these damages exceeds $75,000.

4  Defendant attempts to do so by combining the amount of actual damages sought - $19,234.78
5  - with potential awards of $4,000 for "mental anguish," $46,400 for punitive damages, and an
6  additional $19,234.78 for the injunction.  But other than the amount attributed to the injunction,
7  which is based entirely on the amount of actual damages alleged, Defendant has not shown by a
8  preponderance of the evidence that mental anguish and punitive damages will be awarded as
9  claimed, if at all.

10  With regard to "mental anguish" damages, Defendant attempts to justify the $4,000 estimate
11  by analogizing this case to two others, one from a different circuit and one from a California state
12  trial court. Having reviewed those cases, however, the court finds them factually distinguishable and
13  therefore incapable of supporting the amount claimed by Defendant.[2]

14  As to punitive damages, Defendant merely argues that "punitive damages in conversion
15  cases tend to be large, sometimes over $75,000 themselves."  This argument alone, without more, is
16  similarly deficient.   "Defendant's burden cannot be met simply by pointing out that the complaint
17  seeks punitive damages and that any damages awarded under such a claim could total a large sum of
18  money, particularly in light of the high burden that must be met in order for a plaintiff even to be
19  eligible for receipt of discretionary punitive damages."  Conrad Assocs., 994 F. Supp. 1196, 1201
20  (N.D. Cal. 1998).  The cases cited by Defendant are, again, distinguishable.[3]

---

[2] The first case relied upon by Defendant is Jimenez v. Wood County, Tex., 660 F.3d 841, 843 (5th Cir. 2011), in which a federal jury awarded a female plaintiff $55,000 for past and future mental anguish after she was improperly strip-searched.  The second is Mills v. Kahuanui, 2006 WL 6319766 (Cal. Sup. Ct. May, 2006).  According to a report of the verdict, the plaintiff was awarded $48,000 for pain and suffering after her attorney breached a retainer contract and burglarized her belongings in the amount of $160,000.  The differences between the facts of these cases and the instant case are apparent.

[3] Green v. Party City Corp., 2002 U.S. Dist. LEXIS 7750 (C.D. Cal. Apr. 9, 2002), is an employment case in which the plaintiffs sought punitive damages for conversion of unpaid overtime compensation in violation of relevant labor statutes.  The specific quotation Defendant utilizes appears in the portion of the memorandum recounting an argument presented to the court.  In Prof'l Seminar Consultants, Inc. v. Sino American Tech. Exch. Council, Inc., 727 F.2d 1470, a magistrate judge awarded $200,000 in punitive damages on a claim that defendant converted over $100,000

United States District Court
For the Northern District of California

1    Although Defendant is correct that "summary-judgment-type" evidence is not always
2 necessary, something more was needed here in order to show that "it is 'more likely than not' that
3 the amount in controversy exceeds" the amount required by 28 U.S.C. § 1332(a).  Sanchez, 102 F.3d
4 at 404.  Without more substantial evidence supporting mental anguish and punitive damages,
5 diversity jurisdiction is lacking.  Accordingly, Plaintiff's motion to remand will be granted.

### B.    Attorney's Fees and Sanctions

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Since "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," requiring the payment of fees and costs is appropriate where "the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Captial Corp., 546 U.S. 132, 140-41 (2005).  In Martin, the Court explained that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  Id. at 141.  In addition, the Ninth Circuit clarified in Lussier v. Dollar Tree Stores, Inc., 518 F. 3d 1062, 1065 (9th Cir. 2008) that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal.  Id. at 1066-67.

Despite Plaintiff's success on the actual remand portion of his motion, the court cannot say that the law which ultimately required remand was so "clearly foreclosed" such that Defendant lacked an objective reasonable basis for removal.  And while Plaintiff has presented circumstances that certainly suggest some level gamesmanship with regard to the removal, sanctions under Federal Rule of Civil Procedure 11 are not warranted.  Plaintiff's request for attorneys fees and sanctions is

---

paid by the plaintiff to arrange a study tour.  The trial court verdict cited by Defendant to support the ratio of damages awards is also inapposite because the conversion which occurred there was done by someone in a position of public trust.  See Gonzalez v. Guerrero, 1997 WL 875077 (Cal. Sup. Ct. Jul. 23, 1997) (jury awarded plaintiff $20,500 in compensatory damages and $80,000 in punitive damages after *bail bondsman* failed to return collateral).

United States District Court
For the Northern District of California

denied.

## IV.  ORDER

Based on the foregoing, Plaintiff's Motion to Remand is GRANTED. The clerk shall remand this action to Santa Clara County Superior Court and close this file.

The hearing scheduled for March 16, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated: March 9, 2012

_____
EDWARD J. DAVILA
United States District Judge